1

**MILSTEIN ADELMAN LLP**
Gillian L. Wade, State Bar No. 229124
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:   (310) 396-9600
Fax:          (310) 396-9635

Attorneys for Plaintiffs,
Robert McCrary and the Proposed Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCRARY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ELATIONS COMPANY, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: ED CV 13-00242 JGB (OPx) <br><br> <u>**CLASS ACTION**</u> <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:   August 31, 2015 <br> Time:  9:00 AM <br> Crtrm:  1 <br> Judge:  Hon. Jesus G. Bernal |

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 31, 2015, or on such date as may be specified by the Court, in the courtroom of the Honorable Jesus G. Bernal, United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California, Plaintiff Robert McCrary ("Plaintiff"), on behalf of himself and the class, will and hereby does move for an order including each of the following:

(1)    preliminarily approves the terms of the Settlement;

(2)    certifies the Settlement Class;

(3)    re-appoints Mr. McCrary as the Class Representative for the Settlement Class and Milstein Adelman, LLP as Class counsel;

(4)    appoints Kurtzman Carlson Consultants ("KCC") as the Settlement Administrator;

(5)    approves the form, method and plan of Settlement Class Notice;

(6)    mandates procedures and deadlines for Settlement Class Members to make claims, object or exclude themselves from the Settlement; and

(7)    schedules a Final Approval Hearing and related deadlines.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Stipulation of Settlement; the Declaration of Gillian L. Wade in support of this Motion, and all of the papers and pleadings on file in this action, and upon such other and further evidence as the Court may be presented at the time of the hearing.

DATED: August 3, 2015                    **MILSTEIN ADELMAN, LLP**

By:    _____

Gillian L. Wade
Sara D. Avila
Attorneys for Plaintiff and
the Certified Class,

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................ 1

I.   INTRODUCTION ...................................................................... 1

II.  PROCEDURAL BACKGROUND ....................................................... 2

A.   The Pleadings Were Strongly Contested and Refined Through Motion Practice ........................................................................... 2

B.   A Litigation Class Was Certified, the Ninth Circuit Denied Defendant's Rule 23(f) Petition and Class Notice was Disseminated ................................................................................ 3

C.   The Parties Completed Fact and Expert Discovery ................................ 4

D.   Plaintiff's Expert Calculated the Available Range of Class-Wide Restitution and Damages ........................................................... 5

E.   The Court Declined to De-Certify the Class and Ruled on the Parties' Daubert Challenges and Cross-Summary Judgment Motions Prior to the Settlement ..................................................................... 5

F.   The Court Ruled in Defendant's Favor on the Parties' Summary Judgment Motions ....................................................................... 6

G.   The Parties Prepared for Trial and Fully Briefed Motions *in Limine* ..... 6

III. THE PROPOSED SETTLEMENT ...................................................... 6

A.   The Settlement Process ............................................................ 6

B.   The Settlement Terms .............................................................. 7

1.   The Settlement Class .......................................................... 7

2.   Monetary Relief ............................................................... 8

3.   Settlement Class Release ...................................................... 8

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

4.   The Notice Program and Settlement Administration ...................9

   a.   Direct Notice Program ................................................10

   b.   Publication and Supplemental Internet Notice ...................10

   c.   Settlement Website and Toll-Free Settlement Phone Line ..................................................................11

   d.   Settlement Administration ...........................................11

5.   Payment of Costs, Attorneys' Fees and Service Award ............12

IV.   THE SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23 FOR CONDITIONAL CERTIFICATION............................12

A.   The Settlement Class is Ascertainable ...................................13

B.   The Settlement Class Satisfies Rule 23(a) ...........................14

1.   Numerosity ...............................................................14

2.   Commonality .............................................................14

3.   Typicality...................................................................14

4.   Adequacy ...................................................................14

C.   The Settlement Class Satisfies Rule 23(b)(3) ......................15

V.   THIS COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT, EXPAND THE CLASS DEFINITION AND ENTER THE PRELIMINARY APPROVAL ORDER .....................................................................16

A.   The Role of Preliminary Approval.......................................16

B.   The Proposed Settlement is Fair, Reasonable and Adequate..............17

1.   The Settlement was the Product of Informed, Non-Collusive and Arms-Length Negotiations Between Experienced Counsel........17

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

2.  The Strengths and Weaknesses of Plaintiff's Case ..................... 18

3.  The Risk, Expense, Complexity and Likely Duration of Further Litigation and Risk of Maintaining Class Action Status Throughout Trial ........................................................................ 19

4.  Extensive Discovery and Trial Preparation Enabled Class Counsel to Make Informed Decisions Regarding Settlement ..... 20

5.  The Settlement Amount is a Fair Compromise in Light of the Risks and Uncertainty of Trial ..................................................... 21

6.  There Are No Governmental Participants in this Action ........... 23

7.  The Settlement Release is Reasonable ....................................... 23

C.  Settlement Notice and Claims Process Are the Best Practicable ........ 24

VI.  THE PROPOSED SCHEDULE OF EVENTS ............................................. 25

VII.  CONCLUSION ............................................................................................ 25

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1

## **TABLE OF AUTHORITIES**

2

## **FEDERAL CASES**

*Amchem Prods., Inc. v. Windsor* (1997)
　　521 U.S. 591 ........................................................................................15

*Boyd v. Bechtel Corp.* (N.D. Cal. 1979)
　　485 F. Supp. 610 .................................................................................20

*Carter v. Anderson Merchandisers, LP* (C.D. Cal. May 11, 2010)
　　2010 WL 1946784 ...............................................................................17

*Class Plaintiffs v. Seattle* (9th Cir. 1992)
　　955 F.2d 1268 ..............................................................................13, 18

*Clesceri v. Beach City Investigations & Protective Servs.* (C.D. Cal. Jan. 27, 2011)
　　2011 WL 320998 ................................................................................18

*Collins v. Cargill Meat Solutions Corp.* (E.D. Cal. 2011)
　　274 F.R.D. 294 ...................................................................................23

*Eisen v. Carlisle & Jacquelin* (1974)
　　417 U.S. 156 .......................................................................................24

*Ellis v. Costco Wholesale Corp.* (9th Cir. 2011)
　　657 F.3d 970 .......................................................................................15

*Forcellati v. Hyland's, Inc.* (C.D. Cal. Apr. 9, 2014)
　　2014 WL 1410264 ...............................................................................22

*Hanlon v. Chrysler Corp.* (9th Cir. 1998)
　　150 F.3d 1011 ........................................................................14, 15, 17

*Hesse v. Sprint Corp.* (9th Cir. 2010)
　　598 F.3d 581 .......................................................................................23

*In re Heritage Bond Litig.* (C.D. Cal. June 10, 2005)
　　2005 WL 1594403 ...............................................................................13

*In re Heritage Bond Litig.* (C.D. Cal. Jun. 10, 2005)
　　2005 WL 1594389 ...............................................................................22

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

*In re Mercury Interactive Corp. Sec. Litig.* (9th Cir. 2010)
    618 F.3d 988 ...................................................................................... 12

*In re Omnivision Techs., Inc.* (N.D. Cal. Jan. 9, 2008)
    559 F. Supp. 2d 1036 ........................................................................ 22

*In re Wash. Pub. Power Supply Sys. Sec. Litig.* (D. Ariz. 1989)
    720 F. Supp. 1379 ............................................................................. 18

*Keegan v. Am. Honda Motor Co., Inc.* (C.D. Cal. 2012)
    284 F.R.D. 504 .................................................................................. 13

*Lewis v. Starbucks Corp.* (E.D. Cal. Sept. 11, 2008)
    2008 WL 4196690 ............................................................................. 20

*Linney v. Cellular Alaska Partnership* (9th Cir. 1998)
    151 F.3d 1234 .................................................................................... 23

*Ma v. Covidien Holding, Inc.* (Jan. 31, 2014)
    2014 WL 360196 ......................................................................... 16, 17

*Mullane v. Cent. Hanover Bank & Trust Co.* (1950)
    338 U.S. 306 ...................................................................................... 24

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*
(9th Cir. 1982)
    688 F.2d 615 ...................................................................................... 23

*Phillips Petroleum Co. v. Shutts* (1985)
    472 U.S. 797 ...................................................................................... 24

*Poertner v. Gillette Co.* (11th Cir. Jul. 16, 2015)
    2015 WL 4310896 ............................................................................. 22

*Rodriguez v. West Publ'g Corp.* (9th Cir. 2009)
    563 F.3d 948 ...................................................................................... 16

*Silber v. Mabon* (9th Cir. 1994)
    18 F.3d 1449 ...................................................................................... 24

*Staton v. Boeing Co.* (9th Cir. 2003)
    327 F.3d 938 ...................................................................................... 17

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*True v. American Honda Motor Co.* (C.D. Cal. 2010)
    749 F.Supp. 2d 1052........................................................................16

*Wal-Mart Stores, Inc. v. Dukes* (2011)
    131 S. Ct. 2541........................................................................14

*Wang v. Chinese Daily News, Inc.* (9th Cir. 2013)
    709 F.3d 829........................................................................15

## STATE CASES

*In re Vioxx Class Cases* (Cal. Ct. App. 2009)
    180 Cal. App. 4th 116........................................................................21

## FEDERAL STATUTES

Fed. R. Civ. P. 23(a) ........................................................................14

Fed. R. Civ. P. 23(a)(2)........................................................................14

Fed. R. Civ. P. 23(b)(3) ........................................................................13

Fed. R. Civ. P. 23(e) ........................................................................16

## STATE STATUTES

Cal. Bus. & Prof. C. § 17200........................................................................2

Cal. Bus. & Prof. C. 17500........................................................................2

Cal. Civ. C. 1750 ........................................................................2

## OTHER SOURCES

5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE (3d ed. 2002)
    23.83(1)........................................................................16

MANUAL FOR COMPLEX LITIGATION (FOURTH) (4th ed. 2004)
    § 21.632 ........................................................................16

NEWBERG ON CLASS ACTIONS (FOURTH)
    § 11:27 ........................................................................15

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Robert McCrary ("Plaintiff"), individually and on behalf of the certified class,  hereby moves this Court for Preliminary Approval[1] of the proposed Stipulation of Settlement (the "Agreement")[2] memorializing the settlement reached with Defendant The Elations Company, LLC ("Defendant").

For more than three years the Parties engaged in hard-fought litigation regarding whether a class of California purchasers were misled by Defendant's advertising of its Elations Healthier Joints Dietary Supplement ("Elations"). After completing fact and expert discovery, meeting pretrial deadlines and nearly proceeding to trial on the merits, Plaintiff and Defendant negotiated a fair, adequate and reasonable settlement. In view of the procedural posture and significant risks presented in this Action, the Settlement—which consists of a non-reversionary cash payment to refund Settlement Class Members who submit eligible claims, plus reimbursements for litigation costs, attorneys' fees and an incentive award—is a tremendous result for the Class. Class Counsel also seek to modify the certified litigation class[3] for settlement purposes.

Class Counsel recommend this Settlement and move the Court for entry of the [Proposed] Order Granting Preliminary Approval of Class Action Settlement, lodged concurrently herewith. That order: (1) preliminarily approves the terms of the Settlement; (2) certifies the Settlement Class; (3) re-appoints Mr. McCrary as the Class Representative for the Settlement Class and Milstein Adelman, LLP as Class counsel; (4) appoints Kurtzman Carlson Consultants ("KCC") as the Settlement

---

[1] All capitalized terms have the same meanings as ascribed in the Agreement.
[2] The Agreement is attached as Exhibit A to the Declaration of Gillian L. Wade ISO Plaintiff's Unopposed Motion for Preliminary Approval ("Wade Decl."). References to "Exhibit __" refer to exhibits attached to the Agreement.
[3] The Settlement Class is broader than the class certified in this Action in 2014, as it enlarges the Class Period by including all purchasers through the date of preliminary approval, not just those who purchased Elations with the "clinically proven" claims on the packaging. Both the current certified class and the proposed Settlement Class are limited to California purchasers.

Administrator; (5) approves the form, method and plan of Settlement Class Notice; (6) mandates procedures and deadlines for Settlement Class Members to make claims, object or exclude themselves from the Settlement; and (7) schedules a Final Approval Hearing and related deadlines.

## II. PROCEDURAL BACKGROUND

### A. The Pleadings Were Strongly Contested and Refined Through Motion Practice

After providing statutory notice under California's Consumer Legal Remedies Act[4] on June 19, 2012, Plaintiff filed his class action complaint on December 31, 2012 in San Bernardino Superior Court alleging Elations' advertising and labeling violates the CLRA, the Unfair Competition Law[5] and the False Advertising Law.[6] Wade Decl. ¶ 3. Plaintiff's complaint was removed to this District. ECF 1. Plaintiff's allegations arise from Defendant's marketing and advertising of Elations, including claims the product is "clinically proven" to improve joint comfort in 6-days and is capable of delivering joint health benefits and improving joint flexibility. *Id.*

On February 27, 2013, Plaintiff filed the First Amended Complaint ("FAC"). ECF 10. The Parties met and conferred regarding Defendant's contemplated motion to dismiss, and in response, Plaintiff filed the Second Amended Complaint ("SAC"). ECF 23. On May 28, 2013, Defendant moved to dismiss the SAC (ECF 26) and the Court granted the motion, with leave to amend, on July 12, 2013. ECF 36. The Court, however, dismissed with prejudice allegations regarding the following claims on Elations' packaging: "healthier joints", "improves joint comfort", "improves joint flexibility" and "improves joint comfort in 6 days." *Id.* at 11-12.

On July 25, 2013, Plaintiff filed the Third Amended Complaint ("TAC"). ECF 38. Through discovery, Plaintiff learned additional information regarding

---

[4] Cal. Civ. C. 1750, *et seq.* (the "CLRA").
[5] Cal. Bus. & Prof. C. § 17200, *et seq.* (the "UCL").
[6] Cal. Bus. & Prof. C. 17500, *et seq.* (the "FAL").

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Defendant's testing of Elations and filed a motion for leave to file a Fourth Amended Complaint ("4AC") to clarify the basis for Plaintiff's allegations that the "Clinically-Proven" claims were deceptive. ECF 56.  Defendant opposed the motion. ECF 60.

### B.   A Litigation Class Was Certified, the Ninth Circuit Denied Defendant's Rule 23(f) Petition and Class Notice was Disseminated

On October 14, 2013, Plaintiff filed a motion for class certification, which Defendant strongly opposed. ECF 48. On January 13, 2014, the Court granted Plaintiff's motions for leave to file a 4AC and for class certification.  ECF 95. On January 27, 2014, Defendant filed a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) in the United States Court of Appeals for the Ninth Circuit, which was denied April 9, 2014. *See* ECF 122.

Shortly thereafter, Plaintiff moved for an order approving the proposed Notice Plan, which Defendant opposed. ECF Nos. 119, 120, 123-127. After ordering the Parties to meet and confer on their differences regarding the content and form of the notice plan and report back to the Court, the Court entered an order approving an agreed upon notice plan on May 29, 2014. ECF Nos. 130, 131.

On June 4, 2014, the definition of the litigation class was amended to extend the class period in light of Defendant's discovery of additional shipping data. ECF Nos. 132, 133. The certified class was re-defined as: "all persons residing in the State of California who purchased Elations, from May 28, 2009 through September 2013 for personal use and not for resale, when the following claims were on the packaging and/or labeling of Elations: 'clinically proven combination' and/or 'clinically-proven formula.'" ECF Nos. 132, 133.  The Parties also fully briefed and argued a discovery dispute before the honorable Magistrate Sheri Pym regarding Defendant's concern about whether it could produce consumers' contact information in light of third party privacy interests. ECF Nos. 136, 144, 145.

Notice to the litigation class commenced June 27, 2014, informing potential class members of the pendency of this Action and the right to opt-out.  ECF 196.

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

While the notice program included direct notice to approximately 1,325 individuals and approximately two dozen members of the litigation class have contacted Class Counsel directly for various reasons, no litigation class members requested exclusion. *Id.* at ¶¶ 10-11, 13, 14; Wade Decl. at ¶¶ 4-6.

### C.    The Parties Completed Fact and Expert Discovery

As to fact discovery, Plaintiff propounded 112 document requests, 22 interrogatories, 10 requests for admission and document subpoenas to 23 third parties. *Id.* at ¶ 7. Class Counsel reviewed more than 12,000 pages of documents, deposed Defendant's Rule 30(b)(6) witnesses and its former and current employees (for a total of seven fact witness depositions, six of which occurred in Cincinnati). *Id.* Plaintiff responded to 37 document requests, 25 interrogatories and 16 requests for admission. *Id.* Mr. McCrary also sat for a half-day deposition. *Id.* at ¶ 8. The Parties also briefed Local Rule 37 discovery motions regarding the de-designation of documents as "confidential" pursuant to the stipulated protective order (ECF 63) and regarding the disclosure of contact information for putative litigation class members (ECF 136), which were decided by Hon. Magistrate Oswald Parada and Magistrate Pym (ECF Nos. 86, 144, 145). *Id.* at ¶ 9.

Expert discovery was also completed. *Id.* at ¶ 10. Plaintiff retained the following experts: (1) Dr. Thomas Maronick, a marketing expert who designed and implemented a consumer survey regarding the challenged claims on Elations' packaging; (2) pharmacologist Lynn R. Willis, Ph.D., who opined on the science and available studies regarding Elations' efficacy; and, (3) economist David Sharp, Ph.D., who devised five methods for calculating classwide restitution and damages. *Id.* at ¶ 11. Defendant disclosed two rebuttal experts: Dr. Bruce R. Isaacson (offering a rebuttal opinion to Dr. Maronick) and Dr. Russell W. Mangum, III (submitting a rebuttal opinion to Dr. Sharp). *Id.* at ¶ 12.Defendant deposed all of Plaintiff's experts[7]

---

[7] Since Dr. Sharp supplemented his initial report to conform to additional discovery, he was deposed following each report. Wade Decl. at ¶ 13.

1   and Plaintiff deposed Dr. Mangum. *Id.*

2   **D.   Plaintiff's Expert Calculated the Available Range of Class-Wide Restitution and Damages.**

3

4   Importantly, Dr. Sharp offered his expert opinion on how classwide damages

5   could be calculated after a finding of liability, using five alternative models. Model 1

6   calculates restitution based on a full refund of Elations' retail price. Dkt. 151-7. He

7   calculated this amount to be $2,225, 931, or $7.25 per Elations six-pack. *Id.* at ¶ 30.

8   Models 2 and 3 relate to disgorgement of net revenues/ profits generated as a result of

9   Defendant's 'clinically-proven' claims. Dr. Sharp calculated these amounts to be

10  $1,099,426, or $3.58 per six-pack (net revenue) and $585,352 or $1.91 per six-pack

11  (profit). *Id.* at ¶¶ 31-32. Models 4 and 5 similarly measure the "price premium" for

12  the 'clinically-proven' claims.[8] *Id.* at ¶ 33. Dr. Sharp calculated the price premium on

13  all[9] six-packs sold during the litigation class period to equal $422,531 and the price

14  premium for only those sold with the 'clinically proven' claims to equal $279,259. *Id.*

15  The price premium in both price premium models was $0.91 per six-pack. *Id.* at ¶ 30.

16  If the trier of fact were to determine Elations had no value, it could choose

17  between Models 1, 2 or 3. If the trier of fact were to find Elations had some value,

18  Models 4 and 5 could have been put forward. On rebuttal, Dr. Mangum opined

19  Elations never turned a profit and there was no price premium because the price of

20  Elations was the same with and without the 'clinically proven' claims. *See* ECF 191.

21  **E.   The Court Declined to De-Certify the Class and Ruled on the Parties' *Daubert* Challenges and Cross-Summary Judgment Motions Prior to the Settlement**

22

23  On August 11, 2014, Defendant filed a motion to de-certify the class (ECF

24  150), and a motion to exclude to Dr. Sharp's opinions and testimony.  ECF 151. On

25

26  _____

    [8] By calculating the price premium, Dr. Sharp measured the difference between the price paid for Elations and the value received.

27  [9] Dr. Sharp reasoned that Elations with and without the 'clinically proven' more than likely occupied retailer shelves at some point after August 2010 and sold at the same

28  price. *Id.* ¶ 25.

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

October 13, 2015, Plaintiff filed motions to exclude Drs. Isaacson and Mangum. ECF
Nos. 188, 189.

On December 2, 2014, the Court issued an order (1) denying Defendant's
motions to de-certify and exclude Dr. Sharp; (2) denying Plaintiff's motion to
exclude Dr. Isaacson; and (3) granting in part and denying in part Plaintiff's motion
to exclude Dr. Mangum.  ECF 210.

### F.    The Court Ruled in Defendant's Favor on the Parties' Summary Judgment Motions

On September 8, 2014, the Parties filed cross-motions under Rule 56. Plaintiff
moved for summary judgment on all claims (ECF 166), and Defendant moved for
partial summary judgment as to Plaintiff's request for injunctive relief. ECF 165. On
December 9, 2014, after oral argument on both motions, the Court granted[10]
Defendant's motion for partial summary judgment and denied Plaintiff's motion for
summary judgment. ECF 214.

### G.    The Parties Prepared for Trial and Fully Briefed Motions *in Limine*

The Parties engaged in two Local Rule 16-2 pre-trial conferences. At the time
of settlement, motions *in limine* were fully briefed (ECF Nos. 229 through 238), and
jury instructions had been exchanged and a joint set of proposed jury instructions was
in progress. Wade Decl. ¶¶ 20-21. In addition, the Parties filed their witness lists
(ECF Nos. 242 and 247), a joint exhibit list (ECF 253), and memoranda of
contentions of law and fact (ECF Nos. 252 and 254). *Id.*

## III.   THE PROPOSED SETTLEMENT

### A.    The Settlement Process

The Parties attended mediation before the Honorable Judge Carl West (Ret.) on
September 4, 2014 in compliance with the Court's December 30, 2013 Scheduling
Order. ECF 92. Following full fact and expert discovery, multiple dispositive motions,

---

[10] The Court found that because Defendant no longer utilizes the 'clinically proven'
claims on Elations' packaging, Plaintiff does not have standing to seek injunctive
relief. ECF 214 at 8.

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

class certification and a subsequent motion for decertification and trial preparation, the Parties re-engaged in settlement negotiations, both with and without the assistance of Judge West. Wade Decl. ¶¶ 22-23. The Parties reached a settlement four weeks before trial, and negotiated the details of the Agreement for approximately five months. *Id*. at ¶ 24.

Class Counsel acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendant through trial and appeals. Wade Decl. ¶ 25. Class Counsel also have a complete understanding of the strengths and weaknesses of the claims and defenses asserted and the potential recovery of the Class at trial. *Id*. at ¶ 26. As explained below, the Settlement is in the best interests of the Class and is fair, adequate and reasonable. *Id*. at ¶ 27.

Defendant denies Plaintiff's allegations and any wrongdoing or legal liability, but also recognizes the risks of continued litigation. Agreement at §II(z). These include the expense and duration of continuing to defend this case through trial and appeals, and the protracted and expensive distraction of its ongoing business. *Id.*

### B.   The Settlement Terms

The following is a summary of the Agreement's material terms.

#### 1.   The Settlement Class

The Settlement includes conditional certification of an expanded class of California purchasers who purchased Elations through Preliminary Approval. Agreement at §§ II(v)- (w). Accordingly, Plaintiff respectfully requests the Court certify the following Settlement Class for settlement purposes:

> All persons who purchased Elations from May 28, 2009 through the date of the Preliminary Approval Order of this Settlement at a retail location in the State of California, for personal use and not for resale.

Agreement at § II(v). Excluded from the Class are: (a) employees, officers and directors of Defendant; (b) persons who timely and properly exclude themselves from

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

the Settlement; and, (c) the Court, the Court's immediate family and Court staff. *Id.*

### 2.   Monetary Relief

Defendant will make a total cash payment of $1.35 million. Agreement § (IV)(B)(1). Money from the cash payment will be used to reimburse Settlement Class Members $6.00 per six-pack of Elations[11] purchased during the Settlement Class Period. *Id.*at § IV(A)(1)-(2). Settlement Class Members who present valid proofs of purchase (*i.e.* receipts) with their Claim Form may be reimbursed for a maximum of 3 six-packs (for a total of $18.00). *Id.* at § IV(A)(1). Individuals without receipts may be reimbursed for up to 2 six-packs (for a total of $12.00). *Id.* at § IV(A)(2).

The amount of money Settlement Class Members will actually receive will vary if there are insufficient or excess funds. *Id.* at § IV(C). After accounting for the costs associated with Settlement Notice and Claims Administration, the reasonable litigation costs incurred, attorneys' fees and a service award for Plaintiff, each Settlement Class Member's award may be proportionally reduced or increased. *Id.* If the total amount to be paid for eligible claims exceeds the money remaining after this accounting, then each Settlement Class Member's award will be proportionally reduced on a per-six pack basis. *Id.* at § IV(C)(1).  Likewise, if the amount of money remaining from the cash payment is greater than the total amount to be paid for eligible claims after this accounting, then each Class Member's award will be proportionally increased on a per-six pack basis. *Id.* at § IV(C)(2).   Regardless of the number of claims, the total amount of money available for eligible claims will be no less than $200,000. *Id.* at § IV(C)(1).

### 3.   Settlement Class Release

In exchange for the benefits conferred by the Settlement, Class Members who do not opt out will be deemed to have released Defendant from claims arising out of or relating to the packaging, marketing, advertising, distribution or sale of Elations

---

[11] For purposes of the Settlement and calculating cash refunds, a 12-pack is the same as 2 six-packs and an 18-pack is considered to be 3 six-packs.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

which have been or could have been asserted in the 4AC or any of the previous complaints. Agreement § II(d). Settlement Class Members are not releasing claims for personal injury or for violations of state or federal employment statutes. *Id.*

### 4.      The Notice Program and Settlement Administration

A portion of Defendant's $1.35 million cash payment will be used by Class Counsel to pay for Settlement Class Notice and administration. Agreement § IV(B)(1). Like the Court-approved notice that was successfully disseminated following certification, the Settlement Class Notice Program was designed to give the best notice practicable. The Settlement Notice Program is tailored to reach putative Settlement Class Members, and is reasonably calculated under the circumstances to apprise Settlement Class Members of the Settlement and their right to make a claim for money, opt-out or object. *See Id.* at § V(E); Ex. 3 (the Settlement Notice Plan). The straightforward, one-page Notice also includes a list of California locations where Elations was sold during the Class Period. *Id.* at Exs. 1, 2, 4, 5. The Parties selected Kurtzman Carson Consultants ("KCC")[12] as the Settlement Claims Administrator for this Settlement. *Id.* at § V(A).

Settlement Class Notice is comprised of four parts: (1) direct notice via mail and email to individuals for whom the Parties have contact information; (2) print publication notice; (3) a supplemental digital notice; and (4) long form notice with more detail than the summary notices, which will be available on the Settlement Website and via email and mail upon request. *Id.* All forms of Notice include: a description of the Settlement; a date by which Settlement Class Members may make a claim, exclude themselves or object; the date and location of the Final Approval Hearing; the URL of the Settlement Website; and, the toll-free telephone number. *Id.*

Requests for exclusion and Claim Forms can  be submitted online or by mail. *Id*. at § VII(B). Objections must be filed with the Court with a copy of the written objection sent to Class Counsel. *Id*. Class Members have until at least 45 days before

---

[12] KCC also administered the litigation notice in this Action. *See* ECF 196.

Milstein Adelman, LLP
2800 Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

the Final Approval Hearing to submit claims, opt-out or object. *Id.* at §§ IV(F)(2).

KCC will file a final accounting of objections, exclusions[13] and claims, including the number of eligible claims received and an estimate of a per six-pack payment,[14] with the Court in advance of the Final Approval Hearing. Wade Decl. ¶31.

### a.    Direct Notice Program

Within 15 days of Preliminary Approval, direct summary Notice (Exs. 1, 2) will be sent via email or postcard to approximately 1,325 Elations consumers in California who provided their mail or email address as part of Elations Extras or the Catalina Advertising programs.[15] *Id.* at §§ V(B). Direct Notice will also be sent to approximately two dozen potential Class Members who contacted Class Counsel following the litigation class notice. *Id.* at § V(B)(1); Wade Decl. at ¶ 5.  Summary notice will direct potential Class Members to the Settlement Website, which will post all relevant documents (including the long form Notice (Ex. 5)) and provide instructions on how to make a claim, request exclusion or object. *Id.* at § V(B).

### b.    Publication and Supplemental Internet Notice

Publication Notice will begin within 60 days[16] of Preliminary Approval as follows:  (i) a one time publication of a full page summary Notice will appear in the California state editions of *Arthritis Today, National Geographic* and *People* magazines; (ii) a one time publications of the full page summary Notice will appear in 1/2 (half) and 2/5 (two-fifths) page summary Notice in the California state editions of *Sunset* and *Parade*, respectively; and, (iii)  1/8 (one-eighth) page summary Notices

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

---

[13]  Defendant has the right to terminate the Settlement if more than 25 individuals request exclusion from the Class. Agreement at § VII(E)(3).

[14]  The per six-pack payment will be calculated after accounting for the costs set forth in section IV(C) of the agreement.

[15]  *See also*  ECF 145 at pp 5 (ordering disclosure of contact information of consumers who provided contact information as part of the Elations Extras or Grocery Giveaway programs and who either provided  a California address or area code).

[16]  This deadline refers to the last date magazines printing the summary Notice will hit newsstands.  The print notice deadline is pushed out to the end of October because *Arthritis Today* and *National Geographic* have early copy deadlines.  *See* Ex. 3 at 6.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

will appear once a week for four consecutive weeks in the *Redlands Daily Facts*[17] newspaper. Agreement at §§ V(C)-(D); Ex. 3 at p. 11.

Supplemental Notice via internet banners, displaying advertising through Facebook and Run of Network will be disseminated over a two- to three-week period. *Id*. at 13. The email notice and internet banners will include an embedded link to the Settlement Website. *Id*.

### c.    Settlement Website and Toll-Free Settlement Phone Line

KCC previously created a class action website, www.elationsclassaction.com, following certification of the litigation class. ECF 196 at ¶ 9.  The website currently includes information about the Action and the certified class. *Id*. Within 7 days of Preliminary Approval, KCC will update the website to include the Stipulation of Settlement, long form Notice, Claim Form and Preliminary Approval Order. Agreement at § II(x). Class Members will be able to complete the Claim Form and submit it online simply by visiting the Settlement Website and following instructions. KCC will also upload Class Counsel's Fee and Cost Applications and Motion for Final Approval once they are filed with the Court. *Id*.

KCC will continue to maintain the automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries. *Id.*

### d.    Settlement Administration

The Administrator's duties and responsibilities include: (a) arranging for the mailing and distribution of Settlement Class Notice, including the Claim Form (b) arranging for publication of the Settlement Class Notice, (c) handling returned mail and emails not delivered to Settlement Class Members, (d) attempting to obtain updated address information for Settlement Class Members and for any Settlement Class Notice mailers returned without a forwarding address, (e) answering written inquiries from Settlement Class Members and/or forward such inquiries to Class

---

[17] Cal. Civ. C. § 1781(d) permits notice to a CLRA class to be printed in a "newspaper of general circulation" in the county where the "transaction occurred".

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Counsel, (f) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding Requests for Exclusion, (g) updating and maintaining the Settlement Website and toll-free telephone line, and (h) receiving and processing claims and distributing payments to the Class. *Id.* at § V(A).

### 5.    Payment of Costs, Attorneys' Fees and Service Award

Class Counsel will seek, and Defendant will not oppose, a Service Award of $5,000 for the Representative Plaintiff, Robert McCrary. Agreement at § VII(A). The Service Award will compensate Mr. McCrary for his time and effort in the case, and for the risks he undertook in prosecuting the Action. *Id.*

Likewise, Defendant agrees not oppose Class Counsel's requests for reimbursement of litigation costs of up to $585,000. *Id.* at § VII(B). As will be fully briefed in Class Counsel's Motion for Reasonable Costs and Fees,[18] significant (but necessary and reasonable) costs have been incurred, including the costs of litigation class notice, three experts, and eleven depositions (six of which were in Cincinnati). Wade Decl. at ¶35.  Defendant also agrees not to oppose Class Counsel's request for attorneys' fees of up to $362,000, a fraction of Class Counsel's lodestar. *Id.* at ¶ 36.

## IV.    THE SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23 FOR CONDITIONAL CERTIFICATION

The Court previously certified a California class in this action. *See* ECF Nos. 95, 133. As part of the Settlement, Plaintiff seeks certification of a broader class. Agreement § III. The proposed Settlement Class does not materially differ from the certified litigation class, except the Settlement Class has been expanded for the Settlement to include all California purchasers of Elations since May 2009, not just those who purchased Elations with the 'clinically proven' claims on the packaging. *Id.* at §§ I(j), II(w); Wade Decl. at ¶37.

---

[18] In accordance with Ninth Circuit authority, Plaintiff's motions seeking an incentive award, costs incurred and attorneys' fees will be filed in advance of the deadline for Settlement Class Members to opt-out or object. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010) (requiring class members an opportunity to examine counsel's fee motion).

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

In deciding whether to approve a proposed class action settlement, the Court must determine if the Rule 23 requirements are satisfied. In doing so, the Ninth Circuit has expressed a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Heritage Bond Litig.*, No. 02-MS-1475, 2005 WL 1594403, *2 (C.D. Cal. June 10, 2005) (citing *Class Plaintiffs v. Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992).

Rule 23(a) sets out four prerequisites for class certification: (1) numerosity, (2) commonality, (2) typicality, (3) and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4). Additionally, a class action seeking monetary relief may only be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to all other methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## A.   The Settlement Class is Ascertainable

Although not mentioned in Rule 23, courts consider whether a proposed class is "ascertainable." Here, the Court previously certified a nearly identical class in this case, and should redefine the certified class for purposes of Settlement. A proposed class is ascertainable if it is "administratively feasible for the court to determine whether a particular individual is a member" using objective criteria. *Keegan v. Am. Honda Motor Co., Inc.,* 284 F.R.D. 504, 521 (C.D. Cal. 2012).

Like the class certified for litigation, the Settlement Class is defined with respect to objective criteria, which is administratively feasible. Settlement Class Members can read the Notice, determine they are in the Class and come forward to make a Claim, object or opt out of the Settlement. *See* Ex. 5, Question 5 ("How do I know if I am part of the Settlement?"). Given the original finding of ascertainability for the litigation class and the successful notice program previously approved by this Court, there can be no doubt this requirement is also satisfied here.

//

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**B.     The Settlement Class Satisfies Rule 23(a)**

     **1.     Numerosity**

Rule 23(a)(1) requires a class to be "so numerous that joinder of all members is impractical."  Fed. R. Civ. P. 23(a). As this Court held in certifying the litigation class, "it is reasonable to estimate there are thousands of potential class members in California."  ECF Nos. 95 at 11. Numerosity has never been disputed and is still satisfied because joinder is impracticable. *See id.*

     **2.     Commonality**

Commonality requires at least one question of law or fact common to the Class. Fed. R. Civ. P. 23(a)(2).  This requirement is satisfied by the presence of "a single significant question of law or fact." *See Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2556 (2011). This requirement was and still is satisfied by the common question of whether Defendant's representations regarding the benefits of Elations are false, misleading and material. *See* ECF Nos. 95 at 12.

     **3.     Typicality**

Rule 23(a)(3) requires the representative party's claims and defenses to be "typical of the claims and defenses of the class." Typicality is satisfied if the plaintiff's claims are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). This Court previously ruled Mr. McCrary satisfied the typicality requirement, and he still does, because he and the Settlement Class (like he and the litigation class) claim Defendant made misleading misrepresentations about Elations and seek monetary damages.  ECF 95 at 12-14.

     **4.     Adequacy**

Rule 23(a)(4) requires a showing that the representative party will fairly and adequately protect the interests of the class. The adequacy inquiry turns on: (1) whether the named plaintiff and class counsel have any conflicts of interest with other class members and (2) whether the representative plaintiff and class counsel can

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

vigorously prosecute the action on behalf of the class. *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984 (9th Cir. 2011). Neither Plaintiff nor his counsel have any conflicts of interest with the Settlement Class. Wade Decl. ¶ 38. This Court previously held "Plaintiff is an adequate class representative because he has personal experience with the claims of the lawsuit and is familiar with the underlying facts." ECF 95 at 14. This Court also held Class Counsel "is an experienced class action law firm that has participated in many cases similar to the present action and has the resources and intent to vigorously prosecute the action." *Id. See also* Wade Decl. at ¶¶ 39-46.

### C.    The Settlement Class Satisfies Rule 23(b)(3)

Rule 23(b)(3) requires common questions of law or fact to predominate over individual questions, and that class action treatment is superior to other available methods of adjudication.  This analysis focuses on "the relationship between the common and individual issues" and "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Wang v. Chinese Daily News, Inc.,* 709 F.3d 829, 835 (9th Cir. 2013) (internal quotations omitted); *see also Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997) (same). "Class certification under Rule 23(b)(3) is proper when common questions present a significant portion of the case and can be resolved for all members of the class in a single adjudication." *Hanlon,* 150 F.3d at 1022. Considerations of potential management problems for trial need not be considered in the settlement context. *Amchem,* 521 U.S. at 621; *see also* NEWBERG ON CLASS ACTIONS (FOURTH) § 11:27.

Plaintiff satisfies the predominance requirement because liability questions common to all Settlement Class Members substantially outweigh any possible individual issues. The claims of Plaintiff and the Settlement Class are based on the same legal theories—violations of California's consumer protection statutes. Whether Defendant's statements regarding Elations were false or deceptive need only be determined once as to the entire Class. This Court already held, both in certifying the litigation class and denying decertification, that common questions of law and fact

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

predominate over individual questions. ECF 95 at 18; ECF 20 at p. 23-24. Enlarging the class to include persons who bought Elations without 'clinically proven' on the packaging does not change this result.

## V. THIS COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT, EXPAND THE CLASS DEFINITION AND ENTER THE PRELIMINARY APPROVAL ORDER

### A. The Role of Preliminary Approval

A certified class action may not be dismissed, compromised or settled without court approval. *See* Fed. R. Civ. P. 23(e). Proper review and approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement; (2) class members are given notice of the settlement; and (3) a final fairness hearing is held, after which the Court must decide whether the tentative settlement is fair, reasonable and adequate. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632, at 320-21 (4th ed. 2004) ("MANUAL (FOURTH)").

At the preliminary approval stage the Court determines whether the proposed settlement is within the range of possible approval and whether or not to send notice of the settlement to class members. *True v. American Honda Motor Co*., 749 F.Supp. 2d 1052, 1063 (C.D. Cal. 2010). "The Court's role in evaluating the proposed settlement 'must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'" *Ma v. Covidien Holding, Inc.,* No. SACV 12–02161–DOC (RNBx), 2014 WL 360196, *4 (Jan. 31, 2014) (quoting *Rodriguez v. West Publ'g Corp*., 563 F.3d 948, 965 (9th Cir. 2009)).  But the Court takes a "closer look" at the ultimate question of fairness, reasonableness and adequacy of the settlement at the final approval stage, after notice has been given to class members and they have had an opportunity to comment on the settlement. *Id. See also* 5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE 23.83(1) at 23-336.2 to 23-339 (3d ed. 2002).

When determining whether the proposed settlement is fair, reasonable and

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

adequate, the Court will ultimately consider: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the extent of discovery completed and the stage of the proceedings; (5) the amount offered in settlement; (6) the experience and views of counsel; (7) the presence of a governmental participant; and, (8) the reaction of the class members[19] to the settlement. *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003). At this stage, the Court need only look to these factors to determine whether the Settlement is within the range of what the Court might possibly approve at Final Approval. *Ma,* 2014 WL 360196 at *4.

**B.    The Proposed Settlement is Fair, Reasonable and Adequate**

**1.    The Settlement was the Product of Informed, Non-Collusive and Arms-Length Negotiations Between Experienced Counsel**

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon,* 150 F.3d at 1027 (affirming approval of settlement achieved after several months of negotiation where the record contained no evidence of collusion). Where counsel are well-qualified to represent the class in a settlement based on their extensive class action experience and familiarity with the strengths and weaknesses of the action, "[c]ounsel's opinion is accorded considerable weight." *Carter v. Anderson Merchandisers, LP,* No. EDCV 07-0025-VAP, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010)).

The Settlement was reached after the case was fully litigated and prepared for trial, and was the product of non-collusive, arm's-length negotiations between experienced counsel. Wade Decl. at ¶ 47. The Parties fiercely litigated this Action over the course of three years with a significant amount of adversarial discovery, heavy motion practice, cross-Rule 56 motions, *Daubert* challenges, motions *in limine* and trial preparation. Agreement §§I(c) – (y).There can be no question Class Counsel

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

---

[19] Since the Settlement has not yet been presented to the Class, Plaintiff will address this factor in his Motion for Final Approval.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1  was well-informed for settlement negotiations. *Id.* at ¶ 47.

2      Even reaching an agreement in principle to settle the Action required formal

3  mediation and dozens of conversations between counsel, many involving Judge

4  West's assistance, over a five month period. *Id.* at ¶ 48. The Parties negotiated and

5  finalized the Stipulation of Settlement after another five months of back and forth

6  about the details of the Settlement. *Id.* at ¶ 49.

7      The advanced stage of the litigation and extensive nature of the arms-length

8  negotiations, as well as Class Counsel's experience and comprehensive familiarity

9  with the case's strengths and weaknesses illustrate the fairness of the Settlement. *Id.* at

10  ¶ 50. Class Counsel favor the settlement as fair and equitable to the class. *Id.* at ¶ 51.

11  *See Clesceri v. Beach City Investigations & Protective Servs.,* No. CV-10-3873-JST,

12  2011 WL 320998, *10 (2011 WL 320998) ("[c]ourts give great weight to counsels'

13  opinions regarding the fairness of a settlement, when it is negotiated by experienced

14  counsel"); *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 720 F. Supp. 1379, 1392

15  (D. Ariz. 1989) ("[c]ounsels' opinions warrant great weight both because of their

16  considerable familiarity with this litigation and because of their extensive experience

17  in similar actions"), *aff'd sub nom. Class Plaintiffs v. City of Seattle,* 955 F.3d 1268

18  (9th Cir. 1992).

19              **2.      The Strengths and Weaknesses of Plaintiff's Case**

20      While Plaintiff and Class Counsel are confident in the strength of their case,

21  they are also pragmatic in their awareness of the fact that in order to succeed at trial,

22  Plaintiff would be required to overcome Defendant's defenses on the merits and prove

23  up damages. *Id.* at ¶ 52. Defendant's primary defenses to Plaintiff's UCL and CLRA

24  claims  relate to causation (arguing the challenged representations were not material)

25  and whether its claims were likely to deceive reasonable consumers (arguing Elations

26  was in fact 'clinically proven,' class members received the benefit of their bargain and

27  were not harmed in any way and reasonable consumers would find its claims

28  regarding Elations' benefits not misleading). Wade Decl. at  ¶ 53. Defendant also

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

challenged the consumer survey (*e.g. see* ECF 150 at 24-26) and restitution models (ECF 151) proffered by Plaintiff's experts.  Although Class Counsel are confident they could have prevailed on these issues and others, they recognize the trier of fact or Ninth Circuit may have found for Defendant on any of these issues. *Id.*

### 3.   The Risk, Expense, Complexity and Likely Duration of Further Litigation and Risk of Maintaining Class Action Status Throughout Trial

The Parties reached an agreement in principle just four weeks before trial. *Id.* at ¶ 54.  Prosecuting the Action to verdict and going through the appeals process would likely take years, and necessitate additional costs, risks and delays. *Id.* The risks of continued litigation include possible adverse rulings on motions *in limine* or a potential defense verdict. *Id.* Given Defendant's unsuccessful attempt to de-certify the Class, Class Counsel is confident the litigation class would have stayed certified through trial.[20] *See* Agreement at §§ II(k), (l), (q). *Id.* at ¶ 55. Thus, any such adverse ruling would have bound all litigation class members. Even if successful at trial, appellate proceedings and efforts to enforce a judgment could have further delayed and jeopardized the litigation class' recovery. *Id.*

Further, and perhaps most important, Plaintiff's damages models ranged from a total of approximately $279,259 to $2.2 million. *Id.* at ¶ 56. Given the significant costs expended to date (and even more that would be spent during trial), and a best case scenario at $2.2 million (with no injunctive relief option), settlement at this juncture was in the best interest of the Class. *Id.* The Settlement ensures timely relief and substantial cash refunds Plaintiff contends are owed to the Settlement Class. *Id.* Protracted litigation carries inherent risks that would have delayed and endangered the Class' recovery. *Id.*

//

//

---

[20] Counsel recognizes, however, that the Court has discretion to de-certify the litigation class at any time.

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

### 4. Extensive Discovery and Trial Preparation Enabled Class Counsel to Make Informed Decisions Regarding Settlement

The amount of discovery and investigation completed prior to reaching a settlement is an important factor in determining its reasonableness because it demonstrates the Parties and the Court have sufficient information before them to assess the merits of the claims. *See Lewis v. Starbucks Corp.,* No. 2:07-CV-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases"); *Boyd v. Bechtel Corp.,* 485 F. Supp. 610, 617 (N.D. Cal. 1979) (granting settlement approval and finding the facts of the case were "sufficiently developed in an adversary context to permit a reasoned judgment of its merits" where settlement was reached after full discovery and "full compliance" with the Court's comprehensive pretrial order).

Here, by the time settlement negotiations began, the case had been actively litigated for three years, and Settlement was reached after the close of fact and expert discovery. Wade Decl. at ¶¶ 7-19, *supra* Section II(C). Critically, the production of Nielsen data and Defendant's P&Ls enabled Plaintiff, with Dr. Sharp's assistance, to estimate the range of possible class-wide recoveries. *Id.* at ¶ 58.

Further, Settlement was reached only after the Parties' cross-summary judgment/adjudication motions and *Daubert* motions had been decided. ECF 210, 214. Preparation for a class action trial was also well under way, including the Parties' preparation of a joint exhibit list, witness list and jury instructions. Motions *in limine* were fully-briefed and the Parties had engaged in two L.R. 16-2 meetings. *Id. See* ECF 187. The fruits of vigorous discovery and motion practice enabled the Parties to assess the merits and arrive at a fair, reasonable and adequate resolution. Wade Decl. at ¶ 59.

//

//

//

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

### 5.   The Settlement Amount is a Fair Compromise in Light of the Risks and Uncertainty of Trial

The proposed Settlement provides Settlement Class Members an opportunity to get a cash refund of $6.00 per six-pack purchased[21] for up to three six-packs ($18) with receipts or up two six-packs ($12) without receipts.[22] Agreement §§ IV(A). The total amount of cash available to make claims and divided amongst Settlement Class Members who make valid claims will be the sum of money remaining after accounting for the cost of the Settlement Notice and claims administration, any litigation costs, incentive award and/or attorneys' fees awarded, and in no event will be less than $200,000. Id. at §§ IV(B).

Plaintiff steadfastly sought reimbursement for economic damages caused by Defendant's misrepresentations. As this Court has acknowledged, restitution under the UCL and damages under the CLRA is measured as "[t]he difference between what the plaintiff paid and the value of what the plaintiff paid." ECF 210 at 22 (quoting *In re Vioxx Class Cases,* 180 Cal. App. 4th 116, 131 (Cal. Ct. App. 2009)). Dr. Sharp's damages models ranged from $2.2 million (full refund of $7.25 per six-pack) to $279,259 (price premium of $0.91 per six-pack containing the 'clinically proven claims) for the litigation class period. Accordingly, the near full refund available to Settlement Class Members is an excellent recovery, which would have been achieved at trial only if the trier of fact found Elations liable and determined Elations was valueless (a contention Defendant vigorously denied). *See* ECF 210 at 22 ("if purchasers did not receive any benefit from the product, a full refund may be appropriate"). Wade Decl. at ¶¶ 61-62.

---

[21] An award of $6.00 per six pack is an fair, adequate and reasonable result based on the data obtained in discovery and the opinions of the Parties' damages experts. Dr. Sharp calculated the average retail price of Elations in California to be $7.25 per six-pack during a portion of the Settlement Class Period. *See, e.g.,* ECF 151-7 at ¶¶ 10-11 (Supplemental Sharp Report). Dr. Mangum calculated a $6.34 average retail price. *See* ECF 191-1.

[22] The per-person recovery will proportionally increase or decrease on a per-six-pack basis depending on whether the amount of cash available to pay claims is greater or less than the total amount claimed by the Settlement Class. *See id.* at §§ IV(B)-(C).

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

An aggregate recovery of approximately $200,000 amounts to between 9% *i.e.* if Plaintiff and the class were to prevail at trial and receive a full refund) and 71% of a reasonable estimate of Plaintiff's best-case-scenario at trial (*i.e.* if Plaintiff and the class were to prevail at trial and receive a refund of the price premium paid) *after* accounting for the cost of notice and administration, costs, attorneys' fees and a service award.  *Id.* at ¶ 63. This degree of recovery is consistent with amounts routinely found to be fair and reasonable. *See, e.g., In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. Jan. 9, 2008) (approving settlement that constituted 6% of maximum potential damages). *See also In re Heritage Bond Litig.,* No. 02-ML-1475-DT, 2005 WL 1594389, at *8-9 (C.D. Cal. Jun. 10, 2005) (median amount recovered in settlement ranged between 2.2% to 2.8% between 2002 and 2006).

Further, Class Counsel reasonably believe between 52,137 and 256,039 individuals purchased Elations between May 29, 2010 and September 30, 2013 (the litigation class period). ECF 151-7 at ¶ 11. Defendant maintained throughout the Action that many Elations purchases in California were by repeat purchasers, and discovery showed California sales after 2009 decreased. Wade Decl. ¶¶ 64-65. Therefore, the size of the Settlement Class is probably on the lower end of the estimate. *See, e.g.,* ECF 176 at 18, 29. In cases involving inexpensive consumer products such as Elations, claims rates are often between 1% and 5%. Wade Decl. ¶ 66.[23] Here, for example, even if 5% of a 300,000-person class made claims without receipts (and were entitled to refunds for two six-packs),[24] Class Members' recoveries would be approximately $13.33 (or $6.60 per six-pack). *Id.* at ¶ 67.

---

[23] *See also Forcellati v. Hyland's, Inc.,* No. CV 12-1983-GHK MRWX, 2014 WL 1410264, *6 (C.D. Cal. Apr. 9, 2014) ("the prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3 – 5 percent"); *Poertner v. Gillette Co., No. No. 14–13882, 2015 WL 4310896, *1 (11th Cir. Jul. 16, 2015) (affirming final approval of consumer class action with one percent claims rate);* Tiffany Allen, Anticipating Claims Filing Rates in Class Action Settlements, Class Action Persp. (Rust Consulting, Inc., Minneapolis, Minn.), Nov. 2008, available at http://www.rustconsulting.com/Portals/0/pdf/Monograph_ClaimsFilingRates.pdf.

[24] In light of the nature of the product—an inexpensive over-the-counter dietary supplement—it is likely most claimants will not have receipts.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

It is probable a successful result at trial would not garner a better result than that achieved by the proposed Settlement. Even if the proposed settlement were to amount to only a fraction of the potential recovery—which  is not the case here because Class Members may receive close to a full refund—that "does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *Linney v. Cellular Alaska Partnership,* 151 F.3d 1234, 1242 (9th Cir. 1998)) (internal quotations omitted). *See also Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco,* 688 F.2d 615, 628 (9th Cir. 1982), *cert. denied,* 459 U.S. 1207 (1983) ("voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation"). In light of the uncertainties of trial, the value of the Settlement plainly meets (and exceeds) the adequacy standard and is based on the actual potential recoveries, the size of the Settlement Class and projected realistic claims rates. Wade Decl. at ¶ 69.

### 6.    There Are No Governmental Participants in this Action

There are no governmental participants in this action. *Id.* at ¶70.

### 7.    The Settlement Release is Reasonable

The Settlement releases only those claims based on the same factual predicate as the underlying claims in the Action. Settlement Class Members will only release claims "arising out of or relating to the packaging, marketing, advertising, distribution or sale of Elations which have been or could have been asserted by the Class" in the operative or any of the amended complaints. Agreement § II(d). The Class Released Claims do not include claims and causes of action for personal injury and employment statutes. *Id.* Such a narrowly-tailored release warrants preliminary approval. *See, e.g., Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (settlement agreement may preclude a party from bringing a related claim in the future where the released claim is "based on the identical factual predicate as that underlying the claims in the settled class action"); *Collins v. Cargill Meat Solutions Corp.,* 274 F.R.D. 294, 303 (E.D. Cal. 2011) (approving settlement where released claims appropriately track the breadth of

the plaintiff's allegations and do not release unrelated claims).

### C.   Settlement Notice and Claims Process Are the Best Practicable

In order to protect the rights of absent class members, courts must ensure class members receive the best notice practicable under the circumstances of the case. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Procedural due process requires affected parties have the right to be heard at a meaningful time and in a meaningful manner. It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 338 U.S. 306, 314 (1950); *Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994). As set forth below, the Notice documents (Exs. 1, 2, 4, 5) and the Notice Plan constitutes sufficient notice to Settlement Class Members and satisfy Rule 23 and the constitutional requirements of due process.

Settlement Class Notice will inform Class Members of class their eligibility, options for opting-out or objecting to the Settlement, the date and location of the Final Approval Hearing, the salient terms of the Settlement and how to obtain additional information. *Id.* It also explains Settlement Class Members must complete and return a Claim Form to receive a payment under the Settlement. *Id.* The language of the proposed Notice documents and Claim Form are plain and easy to understand and provide neutral and objective information about the nature of the Settlement.

Additionally, the Notice procedures ensure Settlement Class Members are alerted to the Settlement terms and given an opportunity to respond to it. The proposed notice program—collectively, direct notice to those potential Settlement Class Members for whom the Parties have contact information, publication notice[25] in five consumer magazines and the local newspaper *Redlands Daily Facts,* and internet

---

[25] Because the majority of sales in California are through retailers, Defendant does not have contact information for most Settlement Class Members. *See* Ex. 3.

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

banner ads—easily satisfies these requirements. The Settlement Notice Plan is virtually identical to the litigation class notice program, which was refined through motion practice, approved by this Court and successfully completed. *See* ECF 196.

Settlement Class Members will have the option of making claims online or by mail. Agreement at § IV(F)(2). Those choosing to mail a Claim Form may print it from the Settlement Website or ask the Settlement Administrator for a copy. *Id.* at § IV(E). The one-page Claim Form only requires Class Members to provide contact information and the number of Elations packages purchased. Ex. 6. Thus, it is, clear, precise and simple for Class Members to complete. *See Poertner v. Gillette Co.*, No. No. 14–13882, 2015 WL 4310896, *1 (11th Cir. Jul. 16, 2015) (affirming final approval and finding similar one-page claim form was "straightforward").

## VI. THE PROPOSED SCHEDULE OF EVENTS

The proposed schedule depends on the date of Preliminary Approval and schedules the Final Approval Hearing. For the Court's reference, Plaintiff prepared a calendar of the notice deadlines based on an August 31, 2015 Preliminary Approval date and the timing called for in the Agreement. *See* Schedule A attached hereto.

## VII. CONCLUSION

Based on the forgoing, Plaintiff respectfully requests that the Court enter the [Proposed] Preliminarily Approval Order.

DATED: August 3, 2015                    **MILSTEIN ADELMAN, LLP**

By: _____

Gillian L. Wade
Sara D. Avila
Attorneys for Plaintiff and
the Certified Class,

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**Schedule "A"**

| Deadline | Deadline | Agreement |
|---|---|---|
| Update Settlement Website | September 8, 2015 | No later than 7 days after Preliminary Approval (§ II(z)) |
| Mail and Email Direct Notice | September 16, 2015 | No later than 15 days after Preliminary Approval (§ V(B)(1)) |
| Last day for print notice to commence | October 30, 2015 | No later than 60 days after Preliminary Approval (§ V(C)); Ex. 3 at p. 6 |
| File Applications for Service Award, Attorneys' Fees and Costs | November 16, 2015 | No later than 60 days before Final Approval Hearing (§ VIII(C)) |
| Opt-Out or Object to Settlement | November 30, 2015 | No later than 45 days before Final Approval Hearing (§ V(F)(1), VII(B)) |
| Submit Claims | November 30, 2015 | No later than 45 days before Final Approval Hearing (§ IV(F)(2)) |
| File Responses to Objections and Motion for Final Approval | December 14, 2015 | No later than 28 days before Final Approval Hearing (§ VII(B)) |
| Final Approval Hearing | January 11, 2016 | At least 120 days after Preliminary Approval (§ II(m)) |

If Preliminary Approval is granted after August 31, 2015, Class Counsel will propose to the Court revised dates by which the events above will occur, based upon the deadlines required for publication Notice. *See supra* fn 16.

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT